1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MADELINE SILCOX, as successor-in-interest to the Estate of Philip Silcox, individually and on behalf of all others similarly situated, | Case No. 14cv2345 AJB (MDD) |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | (Doc. No. 4) |
| Defendant. | |

19        Presently before the Court is Defendant State Farm Mutual Automobile Insurance

20   Company's (hereinafter referred to as "State Farm") motion to dismiss and/or strike

21   portions of Plaintiff Madeline Silcox's ("Plaintiff") complaint.  (Doc. No. 4.)  For the

22   reasons set forth below, State Farm's motion to dismiss and/or strike is **GRANTED IN**

23   **PART** and **DENIED IN PART**.

24   I.      BACKGROUND

25        On or about August 25, 2000, Philip Silcox ("Philip") purchased an insurance

26   policy (policy number HLF271485553, and hereinafter referred to as the "Policy") from

27   State Farm to provide long-term care insurance with Philip Silcox as the insured.  (Doc.

28   1-1, ¶ 17.)  The Policy covers expenses incurred if the insured requires "Qualified Long-

                                      1

Term Care" in a "Long-Term Care Facility." (*Id.* ¶ 18.) "Qualified Long-Term Care" is defined in the Policy as "necessary diagnostic, preventive, therapeutic, curing, treating, mitigating, and rehabilitative services and Maintenance or Personal Services which are required by a Chronically Ill individual, and are provided pursuant to a Plan of Care prescribed by a Licensed Health Care Practitioner." (*Id.*)  The Policy defines "Long-Term Care Facility" as a facility that is "engaged primarily in providing Long-Term Care and related services to inpatients in one location and is licensed and accredited by the appropriate agency to provide such care if required by the state where it is located." (Doc. No. 1-1, ¶ 18, Doc. No. 4-3, p. 8.)

Plaintiff alleges that Philip relied upon State Farm's representations and sales presentation in deciding to purchase long-term care insurance from State Farm.  (Doc. No. 1-1, ¶ 19.)  Specifically, Plaintiff alleges that Philip purchased the Policy from State Farm because of State Farm's representations that the Policy was a "Qualified Long-Term Insurance Contract" as defined by the Internal Revenue Code of 1986 and otherwise complied with federal and state law.  (*Id.* ¶ 20.)  After purchasing the Policy, Philip complied with and performed all obligations under the Policy, including the payment of all required premiums.  (*Id.* ¶ 21.)

On or around July 30, 2012, Philip was admitted to a licensed Residential Care Facility, ActiveCare, which is located in San Diego County.  (*Id.* ¶¶ 22,23.)  Plaintiff alleges that ActiveCare is a "Long-Term Care Facility" as defined by California law and provides "Qualified Long-Term Care" as defined in the Policy.  (*Id.* ¶¶ 24, 25.)  After being admitted to ActiveCare, Philip timely requested benefits under the terms of the Policy.  (*Id.* ¶ 26.)  In response, State Farm sent Philip a written denial of the full benefits under the Policy on September 4, 2012.  (*Id.* ¶ 27.)  Plaintiff alleges that the denial of full policy benefits was due to State Farm's false representation that the licensure of ActiveCare fell within the Home and Community-Based Benefit under the terms of the Policy.  (*Id.*)  Accordingly, State Farm paid eighty percent of Philip's long-term care charges at ActiveCare.  (*Id.* ¶ 27.)  Thereafter, State Farm continued to pay eighty

percent of the monthly long-term care charges incurred by Philip leaving Plaintiff and or Philip to pay the remaining twenty percent.  (*Id.* ¶ 28.)  The monthly charges for Philip's long-term care was $4,800 per month, of which State Farm paid $3,839.92, leaving an unpaid monthly amount of $960.08.  (*Id.*)  Philip remained at ActiveCare from July 2012 until he passed away in August 2014.  (*Id.* ¶ 5.)  Plaintiff alleges approximately $23,000 in policy benefits as damages.  (*Id.* ¶ 14.)

On August 29, 2014, Plaintiff filed a class action complaint in San Diego Superior Court alleging claims for violation of California's Unfair Competition Law (Bus. & Prof. Code § 17200, et. seq.), False Advertising Law (Bus. & Prof. Code § 17500, et. seq.), breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, and negligent misrepresentation.  (*See* Doc. No. 1-1.) Plaintiff asserts the first and second causes of action for violation of the Unfair Competition Law ("UCL") and False Advertising Law ("FAL") on behalf of class plaintiffs, and the remaining causes of action individually.  On October 3, 2014,[1] State Farm removed the case to federal district court under the Class Action Fairness Act.  (*See* Doc. No. 1.) On October 10, 2014, State Farm filed the instant motion to dismiss and/or strike portions of Plaintiff's complaint.  (Doc. No. 4.)  State Farm moves to dismiss the unfair competition, false advertising, and misrepresentation causes of action for failure to state a claim.  State Farm also requests the Court strike or dismiss the class definitions set forth in Plaintiff's complaint and Plaintiff's request for damages in connection with the UCL and FAL claims.

## II.   MOTION TO DISMISS

<u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  When ruling on a motion to dismiss under Rule 12(b)(6), the

---

[1] State Farm was served with Plaintiff's complaint on September 5, 2014, and thus removal was timely pursuant to 28 U.S.C. § 1446(b).  (*See* Doc. No. 1, p. 3.)

14cv2345 AJB (MDD)

court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  In doing so however, the court is not bound to accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In the context of a Rule 12(b)(6) motion to dismiss, this means a complaint need not contain detailed factual allegations; rather, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability require-ment,' but it asks for more than a sheer possibility that a defendant has acted unlaw-fully." *Id*.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).  As a result, it is not proper for a court to assume a plaintiff can prove facts not alleged in the complaint or that a defendant has violated the law in ways that have not been alleged. *Associated Gen. Contractors of Cal.*, *Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Further, complaints alleging fraud must satisfy the heightened pleading standard of Rule 9(b).  Rule 9(b) requires that in all averments of fraud or mistake, the circum-stances constituting that fraud or mistake should be stated with particularity.  Fed. R. Civ. P. 9(b).  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. *Id*.  Particularity under 9(b) requires the plaintiff to plead the "who, what, when, where, and how" of the misconduct alleged. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009.); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d

1    1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

2    1997)).  Regardless of the title given to a particular claim, allegations grounded in fraud

3    are subject to Rule 9(b)'s pleading requirements.  *Vess*, 317 F.3d at 1103-04.

4                                         DISCUSSION

5         A.    Request For Judicial Notice

6         Filed concurrently with the instant motion, State Farm filed a request for judicial

7    notice pursuant to Federal Rule of Evidence 201.  (Doc. No. 4-2.)  State Farm requests

8    the Court take judicial notice of the Policy issued to Philip along with Philip's applica-

9    tion for insurance coverage.  (*Id.* at 2.)  "A district court ruling on a motion to dismiss

10   may consider a document the authenticity of which is not contested, and upon which the

11   plaintiff's complaint necessarily relies."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th

12   Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v.

13   The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d

14   1068, 1076 (9th Cir. 2005).  Further, when ruling on a Rule 12(b)(6) motion to dismiss,

15   courts may consider material properly subject to judicial notice without converting the

16   motion into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.

17   1994).

18        Plaintiff's claims arise out of the contract entered into between State Farm and

19   Plaintiff as evidenced by the Policy.  To prevail, Plaintiff is required to show, at least in

20   part, that benefits were due under the terms of the Policy and such benefits were

21   wrongfully withheld by State Farm.  Further, Plaintiff does not dispute the authenticity

22   of the Policy or the application for insurance completed by Philip, and frequently

23   references the Policy in both the complaint and opposition to State Farm's motion.  Thus,

24   taking judicial notice of the Policy is appropriate in the instant case and State Farm's

25   request for judicial notice is **GRANTED**.

26        B.    Capacity To Sue

27        As an initial matter, State Farm argues Plaintiff's claims should be dismissed

28   because Plaintiff failed to file a declaration as required by California Code of Civil

                                            5

1   Procedure Section 377.32[2] and thus lacks capacity to sue.  (Doc. No. 4-1, p. 24-25.)

2   Such a defect, however, may be cured by promptly filing the required declaration.  *See*

3   *Stoddard Nunez v. City of Hayward*, No. 3:13CV4490, 2013 WL 6776189, at *8 (N.D.

4   Cal. Dec. 23, 2013); *Estate of Burkhart v. United States*, 7-5467, 2008 WL 4067429 at *

5   10 (N.D. Cal. Aug. 26, 2008) (directing the plaintiff to file a declaration establishing

6   capacity to sue after ruling on defendant's motion to dismiss).  On November 17, 2014,

7   Plaintiff filed a declaration setting forth the requirements for establishing capacity to sue

8   under California Code of Civil Procedure 377.32.  (Doc. No. 12.)  Accordingly, State

9   Farm's Motion to dismiss on this ground is **DENIED** as moot.

10          C.     Unfair Competition Law (Bus. & Prof. Code § 17200)

11          State Farm moves to dismiss Plaintiff's first cause of action for violation of the

12   UCL on the grounds Plaintiff does not adequately plead a fraudulent, unfair, or unlawful

13   predicate act.  (Doc. No. 4-1, p. 16.)  The UCL is a broad remedial statute that permits

14   individuals to challenge "unfair competition" practices, which are broadly defined as

15   including "any unlawful, unfair, or fraudulent business act or practice and unfair,

16   deceptive, untrue or misleading advertising . . . ."  *Lozano v. AT & T Wireless Services,*

17   *Inc.*, 504 F.3d 718, 731 (9th Cir. 2007); Cal. Bus. & Prof. Code § 17200.  Plaintiff

18   alleges fraudulent, unfair, and unlawful predicate acts as the basis for State Farm's

19   liability under the UCL.

20          1.     *Fraudulent Practices*

21          To state a claim under the fraudulent prong of the UCL a plaintiff must show that

22   members of the public are likely to be deceived.  *Berryman v. Merit Prop. Mgmt., Inc.*,

23   152 Cal. App. 4th 1544, 1556 (2007).  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d

24   1137, 1152 (9th Cir. 2008).  Heightened pleading requirements under Rule 9(b) apply to

25

26          [2] Section 377.32 requires an individual who seeks to commence an action or
     proceeding or continue a pending action or proceeding as the decedent's successor in
27   interest to file an affidavit or declaration setting forth certain facts including the
     decedent's name, date and place of decedent's death, and a statement that there is no
28   other pending action in California for the administration of decedent's estate.  *See* Cal.
     C. Civ. Proc. § 377.32.

UCL claims under the fraudulent prong. *Kearns*, 567 F.3d at 1124–25. Accordingly, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the representations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

State Farm argues that Plaintiff has failed to state a claim under the fraudulent prong because the complaint does not identify any statements that constitute fraudulent representations and otherwise only sets forth conclusory allegations. (Doc. No. 4-1, p. 19-20.) The Court agrees. Plaintiff's complaint alleges that State Farm represented that the Policy pays the expenses incurred for each day, up to the maximum daily benefit for long-term care and that this representation was a significant factor in Philip's decision to purchase the Policy. (Doc. No. 1-1, ¶ 42.) Additionally, Plaintiff alleges that the representations were made with the knowledge that the information was "false, with a reckless disregard to its truth, and/or with knowledge that it was deceptively incomplete." (*Id.* ¶¶ 44, 47.) Plaintiff also alleges that State Farm's conduct was likely to deceive Philip and members of the general public regarding the scope of insurance coverage. (*Id.* ¶ 45.) Looking at the complaint in its entirety, however, it is unclear who made the representations, when the representations were made, and what the specific representations were that constituted fraudulent activity. Such allegations are little more than a recitation of the necessary elements and will not defeat a motion to dismiss. *See Iqbal*, 556 at U.S. at 663. As such, Plaintiff's complaint does not adequately plead a predicate violation of fraudulent activity under the UCL.

### 2.   *Unfair Practices*

"Unfair" within the context of the UCL means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 187 (1999). California courts have also held that "unfair" conduct occurs when a practice "offends an established public policy or

when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999).

State Farm argues that Plaintiff has failed to state a claim under the "unfair" prong because the Court is prohibited from imposing its own notion of fairness upon the allegations in Plaintiff's complaint. (Doc. No. 4-1, p. 21.)  Plaintiff alleges that the individuals who purchase long-term care insurance coverage are elderly, physically and mentally incapacitated or disabled, and that State Farm preyed on these individuals for financial gain. (Doc. No. 1-1, ¶ 46.)  Plaintiff further alleges that State Farm's conduct offends established public policy and is immoral or unethical. (*Id.*)

The Court is not convinced Plaintiff has alleged sufficient facts to trigger a claim for relief under the unfair prong.  Plaintiff's primary allegation with regard to State Farm's alleged violation of the UCL focuses on State Farm's misrepresentations regarding the Policy, however no factual allegations are set forth to support a conclusion that the misrepresentations violated public policy or were immoral, unethical, or oppressive.  For the same reasons the Court is unable to determine whether State Farm allegedly engaged in fraudulent conduct, the Court is unable to determine whether Plaintiff has sufficiently alleged unfair conduct.  Accordingly, Plaintiff has failed to allege a predicate unfair act under the UCL.

### 3.    *Unlawful Practices*

By proscribing "any unlawful" business practice, Section 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.  *Cel–Tech Communications, Inc.*, 20 Cal. 4th at 180.  A "violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838–39 (1994)); *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 676 (2009).

1    Plaintiff's complaint alleges State Farm's conduct was unlawful because its
2  conduct violated 28 U.S.C. Section 7702B, California Insurance Code Section 10232.92,
3  and California Welfare and Institutions Code Section 9701(b)(2).  (*See* Doc. No. 1-1, ¶
4  47.)  State Farm's motion to dismiss argues that these statutes and code sections do not
5  regulate State Farm's conduct or the benefit amounts due to insureds and thus cannot be
6  used to establish "unlawful conduct" under the UCL.  (Doc. No. 4-1, p. 8.)

7    Each of the three alleged statutory violations fail for lack of specificity as to how
8  these statutes or code sections are applicable and were allegedly violated by State Farm's
9  denial of policy benefits.  For example, Section 7702B defines qualified long-term care
10  insurance in the context of the Internal Revenue Code, but in her opposition Plaintiff
11  admits the tax treatment of Qualified Long-Term Insurance is not at issue nor does
12  Plaintiff allege that the coverage represented in the Policy does not comply with Section
13  7702B.  (Doc. No. 11, p. 10.)  Likewise, Insurance Code Section 10232.32 appears to
14  provide certain coverage requirements for long-term care insurance, but it is unclear
15  which provision was violated and how the California Insurance Code section applies to
16  the Policy which was issued in Texas.  Welfare and Institutions Code Section 9701(b)(2)
17  defines long-term care insurance in the context of the Mello-Granlund Older Califor-
18  nians Act, and Plaintiff references this code section to provide a definition for long-term
19  care insurance, but otherwise provides little basis from which the Court can conclude a
20  violation occurred.  Although the "unlawful" prong of the UCL "borrows" violations of
21  other laws and makes them independently actionable, Plaintiff's complaint must set forth
22  facts from which the Court can conclude a violation occurred.  Where a plaintiff cannot
23  state a claim under the "borrowed" law, she cannot state a UCL claim either.  *See, e.g.*,
24  *Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001);
25  *Phipps v. Wells Fargo Bank, N.A.*, No. 10 2025, 2011 WL 302803, at *17 (E.D. Cal. Jan.
26  27, 2011).  Accordingly, Plaintiff's complaint fails to state a predicate unlawful act under
27  any of the identified statutes.
28

14cv2345 AJB (MDD)

1    Based on the foregoing, Plaintiff's UCL claim is **DISMISSED** with leave to

2    amend to more adequately allege violations under any or all of the UCL prongs.

3              D.    False Advertising Law (Bus. & Prof. Code § 17500)

4        Plaintiff's second cause of action is for violation of the FAL, which prohibits false

5    or misleading statements "made or disseminated before the public in this state" and

6    "from this state before the public in any state." Cal. Bus. & Prof. Code § 17500. This

7    statute "makes it unlawful for a business to disseminate any statement 'which is untrue

8    or misleading, and which is known, or which by the exercise of reasonable care should

9    be known, to be untrue or misleading . . . .'" *Ariz. Cartridge Remanufacturers Ass'n, Inc.*

10   *v. Lexmark Intern., Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (quoting the FAL). "The law

11   encompasses not just false statements but those statements 'which may be accurate on

12   some level, but will nonetheless tend to mislead or deceive'. . . ." *Id*. A perfectly true

13   statement couched in such a manner that it is likely to mislead or deceive the consumer,

14   such as by failure to disclose other relevant information, is actionable under the FAL.

15   *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 333 (1998)); *Arevalo v. Bank of Am. Corp.*,

16   850 F. Supp. 2d 1008, 1024 (N.D. Cal. 2011).

17       State Farm moves to dismiss this claim on the grounds that the Policy was issued

18   in Texas and therefore Plaintiff cannot allege that Philip relied on any false advertising

19   in California or from California before purchasing the Policy. (Doc. No. 4-1, p. 24.) In

20   opposition, Plaintiff claims there are sufficient facts pleaded to support the FAL claim as

21   Philip and Plaintiff maintained the Policy after moving to California in reliance on State

22   Farm's representations. (Doc. No. 11, p. 19-20.) Plaintiff also alleges that "it is

23   reasonable to infer that Defendant marketed the same product in California, made the

24   same representations in California and such false representations were observed and

25   relied upon for the purchase of insurance policies by California citizens." (*Id.*)

26       A review of Plaintiff's complaint presents a more significant issue than just the

27   location in which the Policy was issued. As noted in the analysis of whether Plaintiff

28   properly pled fraudulent activity as a predicate violation of the UCL, Plaintiff's FAL

1   allegations are generic in nature and provide no basis from which the Court can conclude

2   what representations State Farm allegedly made regarding long-term care insurance.

3   Plaintiff's complaint repeatedly references State Farm's website and sales presentation

4   but provides no details regarding what representations were allegedly made. (*See* Doc.

5   No. 1-1, ¶ 53.) Without the ability to analyze the representations allegedly made by State

6   Farm in violation of the FAL, the Court is without a means to analyze where those

7   alleged misrepresentations occurred and whether "it is reasonable to infer" that such

8   representations were made in California.

9        Accordingly, Plaintiff's second cause of action for violation of the FAL is

10  **DISMISSED** with leave to amend.  Should Plaintiff amend her complaint to properly

11  allege a violation of the FAL, Plaintiff should also specify how the FAL applies to a

12  policy issued in Texas. [3]

13       E.   Misrepresentations claims

14  *Economic Loss Rule*

15       State Farm moves to dismiss Plaintiff's misrepresentation claims as barred by the

16  economic loss.  (Doc. No. 4-1 at 23.)  Specifically, State Farm argues that Plaintiff fails

17  to allege any damages "independent" of the breach of contract claim and thus Plaintiff

18  should not be allowed to recover in tort for the alleged insurance benefits due under the

19  Policy.  (*Id.*)  In opposition, Plaintiff claims that she has properly pled "economic loss"

20  in the form of policy premiums to support her misrepresentation claims.  (Doc. No. 11 at

21  19.)

22

23

24       [3] State Farm also moves to dismiss or strike Plaintiff's request for damages in
    conjunction with the UCL and FAL claims.  (Doc. No. 4-1, p. 25-26.)  District Courts do
25  not have discretion to strike an improper request for damages. *See Whittlestone, Inc. v.*
    *Handi Craft Co.*, 618 F.3d 970, 972 (9th Cir. 2010).  However, to the extent Plaintiff has
26  failed to adequately state a claim as to both the UCL and FAL claims, any request for
    damages—either restitutionary or injunctive in nature—similarly fails and is therefore
27  dismissed from the complaint by way of dismissing the first and second causes of action.

28

14cv2345 AJB (MDD)

Under California law, the economic loss doctrine bars tort claims based on the same facts and damages as breach of contract claims.  The doctrine "precludes recovery for 'purely economic loss due to disappointed expectations,' unless the plaintiff 'can demonstrate harm above and beyond a broken contractual promise.' " *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)); *see also Cnty. of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292, 328 (2006) (stating that the economic loss rule applies unless "the plaintiff can establish that the fraud exposed the plaintiff to liability").  The rule seeks to "prevent the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter*, 34 Cal. 4th at 988 (internal quotation marks omitted).  "To allow a fraud claim [where the false representations underlying it are those made in the contract itself] would 'open the door to tort claims in virtually every case in which a party promised to make payments under a contract but failed to do so.'" *Multifamily Captive Group*, 629 F. Supp. 2d at 1146 (quoting *Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*, No. C07–02499, 2009 WL 330259, at *17 (N.D. Cal. Feb. 10, 2009)).

Upon review of Plaintiff's complaint, the Court finds both the negligent and intentional misrepresentation claims are merely restatements of the contract claims. Plaintiff does not allege any specific injury distinct from the breach of contract claim.  In connection with the fifth cause of action for intentional misrepresentation, Plaintiff alleges that State Farm "wrongfully and intentionally misrepresented California law relating to the coverage at issue and the licensure of residential care facilities for the elderly under California law." (*See* Doc. No. 1-1 at ¶ 69.)  Plaintiff makes similar allegations with respect to the sixth cause of action for negligent misrepresentation, namely that Plaintiff has harmed as a result of State Farm's misrepresentations about the terms of the Policy and accordingly, Plaintiff was required to pay money allegedly owed under the terms of the Policy which State Farm. (Doc. No. 1-1, ¶ 77.)  There is no separate allegation of tortious conduct independent of Plaintiff's breach of contract

14cv2345 AJB (MDD)

claim.  Further, the only damages Plaintiff alleges in the complaint are the benefits due under the Policy.  Accordingly, the Court finds that as currently pleaded, Plaintiff's fifth cause of action for negligent misrepresentation and sixth cause of action for intentional misrepresentation are barred by the economic loss doctrine.  Plaintiff's fifth and sixth causes of action are therefore **DISMISSED** with leave to amend.[4]

## III.    MOTION TO STRIKE

### LEGAL STANDARD

Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney–Vinstein v. A.H. Robins Co., Inc.*, 697 F.2d 880, 885 (9th Cir. 1983).  Whether to strike a matter pursuant to Rule 12(f) is within a court's discretion.  *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

### DISCUSSION

*Class Definitions*

State Farm requests the Court strike or dismiss the class definitions set forth in Plaintiff's complaint.  (Doc. No. 4-1, p. 27.)  State Farm claims Plaintiff alleges two different class definitions, one in paragraph six of the complaint, and the other in paragraph twenty-nine.  (*Id.*)  Paragraph six of Plaintiff's complaint defines the class as "all individuals who have purchased a long-term care insurance policy from State Farm Mutual Automobile Insurance Company intended to be a Qualified Long-Term Care Insurance Contract as defined by the Internal Revenue Code of 1986."  (Doc. No. 1-1, ¶ 6.)  Paragraph twenty-nine of Plaintiff's complaint defines the class as "all California

---

[4] As the Court finds Plaintiffs intentional and negligent misrepresentation claims barred by the economic loss doctrine the Court does not address State Farm's alternate grounds for dismissal of those claims for failure to comply with the heightened pleading requirements of Rule 9(b).

residents who purchased a State Farm Mutual Automobile Insurance Company policy intended to be a qualified long-term insurance contract as defined by the Internal Revenue Code of 1986, but were denied full policy benefits due to State Farm's unreasonable and unlawful characterization of residential care facilities as alternative care facilities rather than long-term care facilities as provided by California law." (*Id.* ¶ 29.) In addition to arguing the above class definitions should be dismissed or struck as inconsistent and unclear, State Farm argues the definition in paragraph six is over broad, and the definition in paragraph twenty-nine is an improper "fail safe" class. (Doc. No. 4-1, p. 28.) In her opposition, Plaintiff clarifies that the intended class definition is the one set forth in paragraph twenty-nine, but Plaintiff does not address the argument that paragraph twenty-nine defines an impermissible "fail safe" class. (Doc. No. 11, p. 20.)

Class allegations can be stricken at the pleading stage. *See Kay v. Wells Fargo & Co. N.A.*, Case No. 07–1351, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007). However, generally courts review class allegations and definitions through a motion for class certification. *Velasquez v. HSBC Fin. Corp.*, No. 08 4592, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments."); *see also In re: Wal-Mart, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614-16 (N.D. Cal. 2007) (collecting cases).

The Court agrees that a motion for class certification is a more appropriate time to consider the class allegations in Plaintiff's complaint. At this time, State Farm has not answered, no discovery has been conducted, and a motion for class certification is not presently before the Court. However, State Farm's arguments regarding the propriety of the class definitions are well taken. As currently defined, it is difficult to ascertain not only who would comprise the proposed class, but also how a class action could adequately account for individual claims of proposed plaintiffs who obtained services from different long-term care facilities. Yet, while Plaintiff's class definition may require

14cv2345 AJB (MDD)

further clarification, Plaintiff should be given the opportunity to make the case for certification in a later motion where such issues can be evaluated by the Court in their entirety.  Accordingly, State Farm's motion to strike the class allegations is **DENIED** without prejudice.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** State Farm's motion to dismiss and/or strike portions of Plaintiff's complaint as follows:

1. State Farm's request for judicial notice filed concurrently with the instant motion is **GRANTED**.

2. State Farm's motion to dismiss Plaintiff's complaint for lack of capacity to sue is **DENIED** as moot.

3. State Farm's motion to dismiss Plaintiff's first cause of action for violation of California's Unfair Competition Law is **GRANTED** with leave to amend.

4. State Farm's motion to dismiss Plaintiff's second cause of action for violation of California's False Advertising Law is **GRANTED** with leave to amend.

5. State Farm's motion to dismiss Plaintiff's fifth and sixth causes of action as barred by the economic loss rule is **GRANTED** with leave to amend.

6. State Farm's motion to strike the class allegations in Plaintiff's complaint is **DENIED** without prejudice.

*IT IS SO ORDERED:*

*DATED:  December 22, 2014*

_____
*Hon. Anthony J. Battaglia*
*U.S. District Judge*

15

14cv2345 AJB (MDD)